

**JUNHE**

PARTNERS : HUI YUNG YUNG, JANET （許蓉蓉）
WOZENCROFT STEPHEN DAVID
LEE SUI HAR （李瑞霞）
LEE ALEX JAO JANG （李朝昌）
XU LIN （徐琳）
HO KA MING, CATHERINE （何嘉明）
KWOK ZEE FUNG, PHILIP （郭思鋒）
TSE KA HO （謝嘉豪）
MIAO CATHERINE （繆晴輝）
HU S K DENNIS （胡瑞欽）
TSUI MING LUN （徐銘崙）
YE YU RONG （叶宇嶸）
QIAO ZHEYUAN （喬喆沅）
CHAN TING LI （陳婷莉）
TANG GUANGJUN （湯光珺）
XIAN YIFAN （冼一帆）

香港中環康樂廣場1號怡和大廈37樓3701-10室
Suite 3701-10, 37/F, Jardine House
1 Connaught Place, Central, Hong Kong

電話 Tel:(852)21670000
傳真 Fax:(852)21670050
junhehk@junhe.com

| Your Ref 閣下档号： | | Date 日期： | 7 November 2024 |
|---|---|---|---|
| Our Ref 本行档号： | 2404797 | Please Reply to： | Alan Tsui / Sylvia Siu |

**RILEY & JACKSON, P.C.**
**Attn.:** <u>Mr. Robert Riley, Mr. Keith Jackson, and Mr. James Murrill</u>

**BY EMAIL**
rob@rileyjacksonlaw.com
kj@rileyjacksonlaw.com
jay@rileyjacksonlaw.com

Dear Sirs,

  Re : <u>Case No. 50-CV-2024-900163.00 - Injunction Order and Asset Freeze</u>

1. We represent Qbit Financial Service. We understand that you are Plaintiff's counsel in the ongoing class action Michael Mashkevich v. Olivia Ava et al, Case No. 50-CV-2024-900163.00, before the Circuit Court of Marshall County, Alabama ("**Action**"). This Action includes an injunction order issued on June 14, 2024, which, inter alia, froze all assets in the cryptocurrency account number THGTenLmvqWycGLGtgRvX4wURiHQeDvNps maintained with OKX ("**Account**"), prohibiting any withdrawals, transfers, or alterations until further court order.

2. The Account in question is owned by our client and has been used for legitimate business activities conducted through the website https://www.qbitnetwork.com/about-us. Qbit is a financial technology company specializing in cross-border payment and banking solutions for global businesses. Our client's services include multi-currency business accounts, global payment processing, and supply chain financing. Qbit customers may fund their accounts by transferring cryptocurrency, after which they can direct Qbit to use the deposited funds for payment purposes. All Qbit customers undergo KYC and KYB procedures before their accounts are approved and opened.

3. We understand that the injunction was issued based on allegations from the named Plaintiff, Mr. Michael Mashkevich, who claims to have been defrauded of approximately US$90,000 in cryptocurrencies ("**Targeted Sums**"). The fraudulent conduct allegedly began on around 20 March 2024, involving progressively larger deposits until the Plaintiff realized he had been defrauded in April 2024. Subsequently, Mr. Mashkevich engaged Inca Digital to conduct an investigation, which purportedly traced his funds (or part thereof) to the Account.

| 北京總部 | 電話：(86-10) 85191300<br>傳真：(86-10) 85191350 | 上海分所 | 電話：(86-21) 52985488<br>傳真：(86-21) 52985492 | 廣州分所 | 電話：(86-20) 28059088<br>傳真：(86-20) 28059099 | 深圳分所 | 電話：(86-755) 29395288<br>傳真：(86-755) 29395289 |
|---|---|---|---|---|---|---|---|
| 杭州分所 | 電話：(86-571) 26898188<br>傳真：(86-571) 26898199 | 成都分所 | 電話：(86-28) 67398000<br>傳真：(86-28) 67398001 | 西安分所 | 電話：(86-29) 85509666 | 青島分所 | 電話：(86-532) 68695000<br>傳真：(86-532) 68695010 |
| 大連分所 | 電話：(86-411) 82507578<br>傳真：(86-411) 82507579 | 海口分所 | 電話：(86-898) 36333401<br>傳真：(86-898) 36333402 | 香港分所 | 電話：(852) 21670000<br>傳真：(852) 21670050 | 紐約分所 | 電話：(1-737) 2158491<br>傳真：(1-737) 2158491 |
| 硅谷分所 | 電話：(1-888) 8868168<br>傳真：(1-888) 8082168 | 西雅圖分所 | 電話：(1-425) 448-5090<br>傳真：(1-888) 808-2168 | | | | | |

www.junhe.com

JUNHE | 君合律師事務所

4. In support of this assertion, you have provided two fund tracing flow diagrams indicating that the Targeted Sums were directed to the Account. The first diagram ("**Diagram 1**") was provided around 13 August 2024 identifying 3 crypto accounts transferring millions that allegedly contain part of the Targeted Sums that were transferred to the Master Cregis Account (as defined in paragraph 6.2 below) then to the Account. About 2 months later, you provided a second diagram ("**Diagram 2**") on 18 October 2024 identifying additional 14 crypto accounts (leaving aside the accounts that the tranfers were less than 1M) transferring several millions worth of funds to the Master Cregis Account. Despite our written request for details and clarification such as the quantum of the traceable Targeted Sums were specifically traced in each of the identified transfers to the Master Cregis Account / the Account (either by us or through Ms. Monica Kovecses of Akerman LLP), we have not received any response from you. For your convenience, I enclose copies of our previous queries relating to the diagrams.

5. Despite the lack of comprehensive information, we wish to reiterate that our client operates a legitimate business operating since 2019. Both the Diagram 1 and the Diagram 2, which show other cryptocurrency accounts transferring cryptocurrencies to the Account, are transactions of legitimate business transactions from Qbit customers based on information known to our client. We enclose an expert report prepared by Beosin, a leading global blockchain security company, analysing the alleged transactions traced in Diagram 1 that linked to the Master Cregis Account / the Account. The report supports the allegations in the Complaint against the Account is unfounded. There is no information supporting that the Account received any part of the Targeted Sums or any defrauded proceeds.

6. Regarding Diagram 1, the relevant cryptocurrency accounts connected to the Account are listed below.



6.1 The orange hexagon is the Account (THGTenLmvqW…) maintained with OKX.

6.2 TYdjv19WaC9…(TYdJv19WaC992rhseXA4j27R5FM2dKVDqk)

(identified in the yellow circle with US$251M transfer to the Account):

This is the account of the master wallet address that Qbit maintained with Cregis (https://www.cregis.com/). ("**Master Cregis Account**")

From the said website, our client understands Cregis is a financial technology company specializing in enterprise-level crypto asset management solutions. Qbit is a customer of Cregis and has no other relationship.

Qbit customers who choose to fund their Qbit account using cryptocurrencies may transfer cryptocurrency to the Master Cregis Account. Once the funds are deposited, our client will record the deposited funds as funds being received in their Qbit account.

6.3 TCs5sYLboUp… (ie.: TCs5sYLboUpHKWqBW3HF9nfVByEPViBWPm)

(identified in the yellow circle with US$11.2M transferred to the Master Cregis Account):

This is a crypto account of a Qbit customer Papaya Technology (HK) Limited.

For details of this customer, please refer to the enclosed Annexure 1.

6.4 TJoB6F1UQvR… (ie.: TJoB6F1UQvReV29FsjXD65ox8RDXwGbv4z)

(identified in the yellow circle with US$27.4M transferred to the Master Cregis Account):

This is a crypto account of a Qbit customer Together Win Network Limited.

For details of this customer, please refer to the enclosed Annexure 1.

6.5 TSWPDAvM783…:

(identified in the black circle with US$1.42M transferred to the Master Cregis Account):

This is a crypto account of a Qbit customer Tigermobi Technology Limited.

For details of this customer, please refer to the enclosed Annexure 1.

7. Regarding Diagram 2, the new cryptocurrency accounts with identified transactions (apart from de minimis amounts there are behaviours paying energy / resources for transferring cryptocurrency) reflect typical business transactions conducted by Qbit customers.

3

8. To balance our client customers' privacy and minimize litigation costs, if you require specific information regarding any accounts identified in Diagram 2 as directly transferring funds to the Master Cregis Account, please provide the following to us:

   8.1 Detail of the requested account number;

   8.2 Setting out the exact amount of the Targeted Sums of Michael that had been identified to be transferred from this account to the Master Cregis Account;

   8.3 The date of such transfer as traced; and

   8.4 A copy of the full police report filed by Michael reporting the alleged fraud that he had suffered and directing that the relevant account being of received of the defrauded funds.

   Upon receiving the above, our client is pleased to conduct its investigation and provide relevant information to assist with the relevant authorities' investigation.

9. Further, we note your allegation that Mr. Yujun Wu was involved in legal proceedings initiated by the United States Government concerning a forfeiture action, filed on January 22, 2024, with Case No. 2:24-cv-02036. Public records indicate that the matter was settled and dismissed following Mr. Wu's cooperation with the investigation and turning in over any funds in customer's accounts that have been identified warranting forfeiture. For convenience, we enclose the Judgment of Dismissal dated August 29, 2024.

10. While our client conducts proper due diligence on all customers, like other banking and crypoto exchange institutions, some cases may involve questionable transactions, warranting investigation by the authorities. Our client is always prepared to assist law enforcement. If Mr. Mashkevich (or other identified victims) has been a victim of fraud and has traced funds to our client's business platform under the Account, our client is willing to assist with the necessary information, provided proper procedures are followed, rather than seeking an injunction order that disrupts our client's legitimate business operations.

11. Based on the above, our client has sufficiently responded to all allegations and provided evidence demonstrating the legitimacy of the transactions associated with the Account. If you continue to dispute our position, please provide full particulars and supporting documents/diagrams within the next **seven (7) days**, specifying any information/documents you require from our client. **If we do not receive confirmation that the preliminary injunction order will be withdrawn, specifically excluding its effect on the Account, within the next 14 days, our client shall take appropriate legal action to discharge injunction and seek cost and damages caused by the unmeritorious injunction.**

JUNHE | 君合律师事务所

Our client's rights are expressly reserved.

Yours faithfully

**Jun He Law Offices**
Encls.

CC: Bishop Partnoy LLP
 (BY EMAIL ONLY: frank@bishoppartnoy.com)