IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. |
| | ) | |
| All funds deposited, credited, or held up to $2,029,765.39 in Solidif vAccount #9540002258156272 in the name of Gatcha Pictures LLC, beneficial owner Xuan Du; and, | ) ) ) ) ) | |
| | ) | |
| All funds deposited, credited, or held up to $2,979,690.04 in Solidif vAccount #9540002258311162 in the name of Bytechip LLC, beneficial owner Yujun Wu, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT FOR FORFEITURE *IN REM***

NOW COMES the United States of America, Plaintiff herein, by and through Kevin G. Ritz, United States Attorney for the Western District of Tennessee, in a civil cause of forfeiture, and respectfully states the following:

**INTRODUCTION**

1. This is a civil action in rem pursuant to 18 U.S.C. § 981(a)(1)(A) and (C). Procedures for this action are mandated by Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions and, to the extent applicable, 18 U.S.C. §§ 981, 983, and 984, and the Federal Rules of Civil Procedure.

2. This action seeks the forfeiture of all right, title, and interest in the above-captioned property because the property constitutes or is derived from proceeds of wire fraud and wire fraud

conspiracy in violation of 18 U.S.C. §§ 1343 and 1349, and property involved in monetary transactions, money laundering, and conspiracy to commit same, in violation of 18 U.S.C. §§ 1956. **All Funds Deposited or Credited to Solidfi vAccount #9540002258156272, in the name of Gatcha Pictures LLC, Apartment 1804 55 Upper Ground, London, SE1 9EY, United Kingdom, beneficial owner Xuan Du, not to exceed $2,029,765.39; and All Funds Deposited or Credited to Solidfi vAccount #9540002258311162, in the name of Bytechip LLC, address 20 Barneson Ave., Unit D, San Mateo, California 94402, beneficial owner Yujun Wu, not to exceed $2,979,690.04**.

3. This Court has jurisdiction over this action commenced by the United States under 28 U.S.C. § 1345 and over this action for forfeiture under 28 U.S.C. § 1355(a). The Court has in rem jurisdiction over the defendant property under 28 U.S.C. § 1355(b).

4. This Court has venue pursuant to 28 U.S.C. §§ 1355 and 1395. Venue is proper because the acts or omissions giving rise to the forfeiture occurred in this district and the claim accrued in this district.

WIRE FRAUD & CONSPIRACY TO COMMIT WIRE FRAUD

5. To prove a violation of 18 U.S.C. § 1343, Wire Fraud, the government must show (1) the accused knowingly participated in, devised or intended to devise a scheme to defraud; (2) the scheme included a material misrepresentation or concealment of a material fact; (3) the accused had the intent to defraud; and (4) the accused used or caused another to use wire, radio, or television communications in interstate or foreign commerce in furtherance of the scheme.

6. To prove a violation of 18 U.S.C. § 1349, Conspiracy, the following essential elements must be satisfied: (1) that two or more persons conspired or agreed to commit the crime of wire fraud; and (2) that the accused knowingly and voluntarily became a member of the conspiracy.

## MONEY LAUNDERING

7. To prove a violation of 18 U.S.C. § 1956(a)(1)(B)(i), Money Laundering, the government must show (1) the accused knowingly conducted or attempted to conduct a financial transaction which in any way or degree affected interstate or foreign commerce; (2) some or all of the property involved in the financial transaction was proceeds of a specified unlawful activity; (3) the defendant knew that the property involved in the financial transaction represented proceeds of some form of unlawful activity; and (4) the defendant knew that the transaction was designed in whole or in part to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of the specified unlawful activity.

## FACTUAL BACKGROUND

### *Evolve Bank & Trust*

8. Evolve Bank & Trust (EB&T) is an FDIC insured financial institution headquartered in Memphis, TN. Evolve Open Banking, a division of EB&T, is also headquartered in Memphis, TN and offers Banking as a Service (BaaS) to different platforms. Evolve Open Banking maintains contractual agreements with third parties, financial technology (FinTech) platforms, merchants, and direct end users enabling payment processing application programing interfaces. Virtual accounts (vAccounts) are depository account numbers systematically issued by the platform once the platform is established with EB&T Open Banking. The vAccounts configuration is dependent on the platform's contractual agreement with EB&T Open Banking Suite of Solutions. The vAccounts involved in this case maintain solution contracts with EB&T Open Banking to send domestic Automatic Clearing House (ACH) transfers and wire transfers, to receive domestic and international ACH transfers and wire transfers, and to provide card services.

*Origin of the Investigation*

9. On or about December 13, 2022, I was contacted by Federal Bureau of Investigation (FBI) Intelligence Analyst (IA) Benjamin Breithaupt regarding an Internet Crimes Complaint Center (IC3) report about an individual being scammed out of approximately $40,000. The funds were transferred through EB&T.

10. On or about December 15, 2022, I contacted EB&T Bank Investigator Brandi Woodard (Investigator Woodard) via telephone who stated that she was aware of the transaction and was working on a larger investigation involving investment scams to defraud individuals. Investigator Woodard stated there were victims across the United States that fell for these schemes to defraud and would report back once her investigation was completed.

11. On January 17, 2023, I was contacted by Investigator Woodard who stated that she has identified a fraud exposure amount in excess of $15,000,000 related to EB&T virtual accounts.

12. Investigator Woodard was alerted to a sudden increase in wire recalls sent to EB&T from multiple financial institutions across the United States. Internal reviews of the recalled wires cited for fraud and scam, including "invested in crypto scam, company does not exist," "victim of fake medical scam," and "remitter advised payment is fraudulent." Further review of historical fed service messages, incoming wire transfers, depletion of funds, and online users, identified approximately 26 Chinese nationals as the beneficial owners of the accounts. These 26 Chinese nationals allegedly reside in California, New York, and various regions throughout China. All appear to be conspiring together to orchestrate fraud scams which are targeting businesses and consumers residing in the United States and Canada. The probable fraudsters establish businesses which appear to be shell corporations in California, Colorado, New York, and Wyoming as well as the United Kingdom. The businesses open business vAccounts at one or more of the following

platforms: Wise, Airwallex, Mercury, Relay, and Solidfi, all of which are Money Service Businesses (MSBs) that maintain contractual agreements, directly or indirectly through an aggregator, for BaaS with EB&T. EB&T provides BaaS through computer infrastructure located in Memphis, TN.

*Paralel[1] Designs Limited*

13. Between November 3, 2022 and about November 7, 2022, Paralel Designs Limited opened Solidfi vAccount **7760 and Airwallex vAccount **2996. Opening documents described the business as a graphic design production and three-dimensional design production company. The accounts listed Hang Liu as the beneficial owner (BO) of the accounts. Hang Liu provided a China resident ID card, 220524198903121416, and People's Republic of China passport, E8568973 1, when setting up the two vAccounts. Paralel Designs Limited is registered with New York Department of State, DOS ID 6486562, with a mailing address of 240 Willow Ridge Trail, Rochester, New York.

14. The location of 240 Willow Ridge Trail, Rochester, New York is a single-family dwelling in a residential neighborhood. According to property records, the property is owned by a Carmen Paulino and Hang Liu is not listed on any historical records.

15. On January 23, 2023, Shashi Iyer (Iyer) was telephonically interviewed by Special Agent Joseph Herman (SA Herman) and FBI Forensic Accountant Tanya Tompkins (FoA Tomkins). Iyer confirmed the accuracy of the IC3 report he filed on November 27, 2022, stating he lost a total $40,000 through three separate wire transfers. Iyer stated he was randomly added to a channel on the Telegram app in late 2022. When he inquired why he was added to the channel, he was told

---

[1] Sic.

over the electronic communication platform that the group was created to offer an investment opportunity in Bitcoin US Dollar Tether (BTC/USDT) trading pair option contracts with David Hannold (Hannold) at State Street Financial Services, Inc. in Boston. Iyer was told that for each set amount of time of the contract, ranging from 30-600 seconds, it would result in 50 to 95 percent profit. Initially, Iyer transferred approximately 2060 USDT from his Coinbase.com account to ETISMC trading platform and successfully withdrew just under 2000 USDT in profit from the ETISMC platform. After the initial successes, Iyer was invited to a separate, smaller group within Telegram with the option to invest higher amounts of money. Iyer then invested $40,000 via three separate wires. Iyer was instructed to send the wires in three separate tranches. Following instructions, on November 17, 2022, Iyer sent $19,900 to Paralel Designs Limited Airwallex vAccount **2996. On November 18, 2022, Iyer sent $10,000 to Jishun Limited, unknown account information. And on November 21, 2022, Iyer again sent another $10,000 to Paralel Designs Limited Airwallex vAccount **2996. Once all the wires were sent, Iyer stated that he would continually reinvest the money until his account showed a balance over $1,600,000. When Iyer attempted to withdraw the $1,600,000, he was told he would need to pay a 10 percent commission on the profits of his investment. Iyer asked the company to take the commission out of the $1,600,000 that he had made. The company told Iyer he needed to make a 10 percent payment before any of the money would be released. Iyer offered to send $1,000 in order to receive $10,000 in profits and would increase as he received more and more profits. The company denied the offer. Iyer sent additional wires to try to have Hannold release the funds for a total investment of $115,000. When the company denied lyer's final offer, he stopped communication.

16. In addition to the wires Iyer sent to Paralel Designs, additional investigation revealed other wire recalls to Paralel Design Airwallex vAccount **2996. According to bank records, on

November 23, 2022, Randall Marosok (Marosok) sent $11,600 to Paralel Design Airwallex vAccount **2996 from his Bank of America account. On February 28, 2023, Marosok recalled the wire with the following statement: "[w]ished to recall wire as he's been a victim of fraud .... Client attempted to liquidate accts [sic] but he's being asked to wire an extra 15 as a penalty fee." Marosok also filed IC3 complaints in January 2023. On November 1, 2023, I spoke with Marosok telephonically. He confirmed the wire recall and that the basis for the recall was that he had fallen for a fraudulent investment scheme that called on him to wire money to Paralel Design Airwallex vAccount **2996, as well as other accounts. In all, Marosok estimated that he was defrauded of over $600,000 in this investment scheme.

17. In addition to the fraudulently induced wires Iyer and Marasok sent to Paralel Designs, additional investigation revealed other wire recalls to Paralel Design Airwallex vAccount **2996. According to bank records, on November 16, 2022, Jennifer Ho (Ho) sent $6,000 to Paralel Design Airwallex vAccount **2996 from her Bank of America account. On December 10, 2023, Ho filed an IC3 complaint stating that she had been defrauded through an online investment scam. On October 31, 2023, I communicated with Ho telephonically and via email. She confirmed the IC3 complaint and elaborated that the basis for the complaint was an investment scam that started on a Chinese singing website. Ho sent me documents corroborating her claims, including transaction logs and wire receipts of wires to Paralel Design Airwallex vAccount **2996, as well as to other accounts.

18. According to bank records, when Paralel Designs established EB&T vAccounts, including Paralel Design Airwallex vAccount **2996, they also listed business purposes of graphic design production and three-dimensional design production company. However, according to bank records, many of the wires sent to Paralel Designs state wire purposes other than graphic design,

to include "security deposit, pop trade, purchasing items for resale, pop goods, trade payment, credit bank, stocks, purchases of goods furniture, and EL." The purported purposes of these wires are not consistent with the stated business purpose of Paralel Designs of graphic design.

19. According to bank records, several debits were made out of Paralel Design Airwallex vAccount **2996 to Spanish bank accounts in the names of unidentified individuals, "Juan" and "Marc," both with purported addresses in Spain. Three debits were made in the form of wires to "Juan" between November 27, 2022 and November 29, 2022. Two debits were made in the form of wires to "Marc" on December 1, 2022 and December 4, 2022. During the same time frame, the same Spanish accounts in the names of "Juan" and "Marc" received debit transfers from Gatcha Pictures Airwallex account **6367. More detail will be given in the Gatcha Pictures Limited section below.

20. According to bank records, the Internet Protocol (IP) address used for online access to Paralel Design Airwallex vAccount **2996 was 148.88.205.240. As will be explained in the section below, this was the same IP address used to access Gatcha Pictures Airwallex vAccount **6367.

21. Based on my training and experience, I know that Paralel Designs Airwallex vAccount **2996 is a money laundering account used to facilitate the commission of wire frauds against numerous victims in the form of investment and other types of scams. The company does not appear to have any legitimate business activity. As part of various types of fraud schemes, victims were induced to wire money directly to Paralel Designs Airwallex vAccount **2996. The bases of these fraud schemes had nothing to do with graphic or three-dimensional design production, the stated business purpose of Paralel Designs Limited. Paralel Designs Airwallex vAccount **2996 is linked to company Gatcha Pictures Limited through Gatcha Pictures Limited Airwallex

vAccount **6367 in the form of debits to "Juan" and "Marc," and via the same IP address. The significance of the connections between Paralel Designs Limited and Gatcha Pictures Limited will be explained in more detail below. Please refer to Attachment A for a graphic representation of the transactions and relationships described herein.

*Gatcha Pictures Limited*

22. Between November 29, 2022 and December 22, 2022, Gatcha Pictures Limited (Gatcha Pictures) opened Airwallex vAccount **6367 and **Solidfi vAccount **6272**. Gatcha Pictures purports to be a photography company. The beneficial owner was listed as Xuan Du, who provided a China resident ID card, 370231198709225929, to open the Airwallex vAccount. A People's Republic of China passport, E30252117, was provided as identification to open the Solidfi vAccount. Gatcha Pictures is registered with the New York Department of State, DOS ID 6620456, address 350 Northern Boulevard, Ste 324-1331, Albany, NY.

23. Unlike what was registered with New York Department of State, for Airwallex vAccount **6367, Gatcha Pictures reported to EB&T that its business address was Apartment 1804 55 Upper Ground, London, SE1 9EY, United Kingdom. There are approximately 23 IC3 complaints regarding companies purportedly registered to this exact London address. Most of the complaints report various kinds of fraudulent schemes using different business names. For **Solidfi vAccount **6272**, Gatcha Pictures reported its business address consistent with its filings with the New York Department of State, that is, as 350 Northern Boulevard, Ste 324-1331, Albany, NY. There are approximately 7 IC3 complaints linked to exact Albany address reporting various kinds of fraudulent schemes using different entity names.

24. From the date of account opening on November 29, 2022 to March 3, 2023, 47 individual wires totaling approximately $2,200,000 was deposited into **Gatcha Solidfi vAccount **6272**.

Out of the 47 wires, bank records showed wire notes or "memos" in approximately 22 of them. Not one of the memos described anything related to photography. Instead, the memos reflected that the transfers were for various reasons, such as "goods payment," "pop services," "Gatcha Pictures Limited," and random alphanumeric characters.

25. According to bank records, on December 5, 2022, a $10,000 wire recall was received by EB&T for Airwallex vAccount **6367 stating fraud as the reason for recall. On December 12, 2022, a wire recall for $5,000 was received by EB&T for the same vAccount stating fraud as the reason for recall.

26. On January 19, 2023, I was contacted by USSS Special Agent Jeffrey McMickle (SA McMickle) of the San Antonio Field Office. SA McMickle stated that he had verified a victim in his district who reportedly wired $113,284 to **Gatcha Solidfi vAccount **6272**. SA McMickle put me in touch with East West Bank investigator William Wiley (Wiley). Wiley confirmed that the bank's client, Jiuhong Trade Limited, recently recalled a wire they sent to **Gatcha Solidfi vAccount **6272** on January 17, 2023 due to "wire fraud."

27. On March 7, 2023, USSS Special Agent Timothy Robertson (SA Robertson) responded to the listed business address of Gatcha Pictures Limited at 350 Northern Boulevard, Ste 324-1331, Albany, NY in an attempt to speak with someone from Gatcha Pictures. SA Robertson observed that this was a mail forwarding service, not an independent business location. SA Robertson confirmed that beneficial owner Xuan Du does in fact own box 1331, but that the company Gatcha Pictures was not associated with the box and they had no record of Gatcha Pictures with the mail forwarding business.

28. A fact of filing letter obtained from the Internal Revenue Service in October 2023 confirmed that Gatcha Pictures has never filed a tax return or corresponding extension.

29. According to bank records, both the Gatcha Pictures Airwallex vAccount **6367 and Paralel Designs Airwallex vAccount **2996 share the same IP address 148.88.205.240 for account access, which at the time came back to a geolocation in Cambodia, indicating that the same device in Cambodia logged in to the two vAccounts on the same day.

30. According to bank records, several debits were made out of Gatcha Airwallex vAccount **6367 to the same Spanish bank accounts described above in paragraph 18 in the names of the same individuals, "Juan" and "Marc." One debit was made in the form of a wire to "Juan" on November 30, 2022. One debit was also made in the form of a wire to "Marc" on November 30, 2022.

31. Bylaws provided by Gatcha Pictures and Paralel Designs upon opening vAccounts with EB&T, when reviewed, appear to be almost identical in content and appearance.

32. According to bank records, **Gatcha Pictures Solidfi vAccount \*\*6272** wired a total of $1,357,271.65 in 17 transfers between December 22, 2022 and January 17, 2023 to **Bytechip dba QbitPay Solidfi vAccount \*\*1162**. Based on investigation, and as described further in the section below, **Bytechip Solidfi vAccount \*\*1162** was also the recipient account for approximately $64,200 in what we believe is fraudulent proceeds during the same timeframe from four individual victims of computer-based fraud schemes.

33. **Gatcha Pictures Solidfi vAccount \*\*6272** currently has $2,029,765.39 frozen by EB&T for suspicious activity. The account has been frozen since January 18, 2023 without objection from the beneficial owner.

34. Based on my training and experience, I know that the Gatcha Pictures was a front used to provide part of the money laundering infrastructure required for the operation of a large scale of diverse fraud schemes including investment scams, sometimes referred to as "pig butchering," in

at least late 2022 and continuing into 2023. Gatcha Pictures is connected to Paralel Designs through the overlapping debits to the Spanish accounts in the names of "Marc" and "Juan." The same vAccounts are also connected through the account login IP addresses, which were the same, showing the same device in Cambodia accessed the accounts at the same time. Gatcha Pictures Airwallex vAccount **6367 and **Gatcha Pictures Solidfi vAccount **6272** have the same beneficial owner, Employer Identification Number (EIN), and business address. I therefore know that **Gatcha Pictures Solidfi vAccount **6272** is an account dedicated to money laundering and contains the proceeds of fraud. See Attachment A for the transactions described in this section.

*Bytechip LLC*

35. On or around October 2022, Bytechip LLC, a purported information technology entity, established **Bytechip dba QbitPay Solidfi vAccount **1162** listing Yujun Wu as the BO. Wu provided a California driver's license, F3248032, and China Passport EF0115532 to establish the vAccount. **Bytechip Solidfi vAccount **1162** currently has $2,979,690.04 frozen by EB&T for suspicious activity without objection from the BO.

36. As described in paragraph 29 above, Gatcha Pictures initiated 17 intrabank transfers totaling $1,357,271.65 from **Gatcha Solidfi vAccount **6272** to **Bytechip Solidfi vAccount **1162**. **Bytechip vAccount **1162** also received funds from Rinotech Solidfi vAccount **6238, which received funds from Rinotech Wise vAccount **8992, which received funds from Innote Inc. Wise vAccount **4841. A review of bank records revealed that Innote had multiple wire recalls for various fraud related activity. The details follow.

37. On December 14, 2022, Henry or Diane Janicki wired $7,200 from their JPMorgan Chase bank account **4534 to Innate Inc. vAccount **4841. Continuing on December 14, 2022, Timothy J. and Sheila A Haas Rev Trust wired $9,000 from their BMO Harris bank account **9768 to

Innote Inc. vAccount **4841. Continuing on December 14, 2022, Zarmair Setrakian or Armen Z wired $30,000 from their JPMorgan Chase bank account **2385 to Innate Inc. vAccount **4841. On December 15, 2022, Darrell King (King) wired $18,000 from his Main Street Federal Credit Union Account **9421 to Innate Inc. vAccount **4841. On November 3, 2023, SA Herman spoke with King telephonically. King verified that he sent the $18,000 wire and that he did so due to a fraud scheme. The amount of fraud loss claimed by the four victims in the specified wires totaled $64,200. The same amount, less transaction expenses, was transferred in its entirety in multiple steps all within a two-week period through the described route to **Bytechip Solidfi vAccount **1162**. These transactions demonstrate the money laundering technique known as "layering," a method by which fraud proceeds are broken down and distributed through various transactions and multiple bank accounts to obfuscate their fraudulent origin and conceal their destination.

38. Based on my training and experience, I know that **Gatcha Solidfi vAccount **6272** and **Bytechip Solidfi vAccount **1162** are used to provide money laundering infrastructure to a large wire fraud scheme perpetrated against numerous individuals. Bytechip LLC, Gatcha Pictures, and Paralel Design are entities interconnected through IP addresses, outgoing debit transfers, and intrabank transfers of funds, each performing an important function in a large fraud conspiracy ring. None of these entities bears any indicia of legitimacy in its operations. On the contrary, each entity, including the **Gatcha Solidfi vAccount **6272** and **Bytechip Solidfi vAccount **1162**, came into existence during the same approximate timeframe and quickly began transiting a significant volume of wire transfers and triggering wire recalls for fraud. Through bank documentation, tax documents, open-source research, and direct communication with victims and bank investigators, I have demonstrated that wire fraud proceeds from pig butchering victims are

frozen in **Gatcha Solidfi vAccount \*\*6272** and **Bytechip Solidfi vAccount \*\*1162**, and that these accounts are used to launder the proceeds of wire fraud.

## LEGAL AUTHORITY

39. With respect to the assets described above and in the following paragraphs, and for the reasons set forth below, there is probable cause to believe that such assets are subject to seizure pursuant to 18 U.S.C. § 981(b), 28 U.S.C. § 2461(c), and 21 U.S.C. § 853(f), and civil and criminal forfeiture pursuant to the following statutes:

    a.    The funds or assets are subject to civil forfeiture under 18 U.S.C. § 981(a)(l)(A) because it is "[a]ny property, real or personal, involved in a transaction or attempted transaction in violation of section 1956, 1957, or 1960 of this title, or any property traceable to such property."

    b.    Under 18 U.S.C. § 1957, it is unlawful to knowingly engage in financial transactions in criminally derived property of a value greater than $10,000, if derived from specific unlawful activity, including wire fraud.

    c.    Property "involved in" a money laundering transaction in violation of 18 U.S.C. § 1956 or 1957 includes "the actual money laundered, any fees or commissions realized by the launderer, as well as any property used to facilitate the offense." *United States v. Huber*, 404 F.3d 1047, 1056, 1058 (8th Cir. 2005).

    d.    For purposes of these statutes, the actual money laundered includes the criminally derived proceeds involved in a financial transaction, as well as any clean money commingled with it. Both the clean money and the criminal proceeds constitute the corpus of the money laundering transaction and therefore both are subject to forfeiture. *Id. See also United States v. Coffman*, 859 F. Supp. 2d 871, 876-77 (E.D. Ky. Apr. 16, 2012)

(following *Huber*, explaining that untainted funds may be forfeitable either as the subject of a money' laundering transaction or as facilitating property; when tainted money is commingled with clean money for the purpose of obfuscating the origin or existence of the tainted money); *United States v. Funds on Deposit at Bank One, Indiana*, 2010 WL 909091, *8 (N.D. Ind. Mar. 9, 2010) (following *Huber*; when defendant commingled drug proceeds with other funds in a bank account, and transferred the commingled funds to another account, and commingled them yet again before making a third transfer, all of the funds involved 'in the last transfer were forfeitable as property involved in violations of Sections 1956 and 1957).

e. The funds or assets are subject to civil forfeiture under 18 U.S.C. § 981(a)(l)(C) because they are property that constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. §§ 1343, 1349. Further, as discussed below, pursuant to 18 U.S.C. § 984, currency or funds in a bank account are considered fungible for one year from the date of the applicable offense, and the funds or assets located in the financial account described above and in the following paragraphs are thus subject to civil forfeiture under Section 984.

f. The funds or assets are subject to criminal forfeiture under 18 U.S.C. § 981(a)(l )(C) and 28 U.S.C. § 2461(c), and 18 U.S.C. § 982(a)(2)(A) because they are property that constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. §§ 1343, 1349.

40. 18 U.S.C. § 981(a)(l)(C) subjects to civil and criminal forfeiture any property that constitutes or is derived from proceeds traceable to a violation of or conspiracy to violate 18 U.S.C. § 1343.

Case 2:25-cv-02365-DPC Document 1 Filed 07/22/24 Page 15 of 19 PageID 185

41. 18 U.S.C. § 982(a)(2)(A) subjects to criminal forfeiture any property constituting, or derived from, proceeds the person obtained directly or indirectly, as the result of a violation of or conspiracy to violate 18 U.S.C. § 1343.

42. 18 U.S.C. § 981(b) authorizes issuance of a civil seizure warrant for property subject to civil forfeiture.

43. 21 U.S.C. § 853(f) and 28 U.S.C. § 2461(c) authorize the issuance of a criminal seizure warrant for property subject to criminal forfeiture.

44. With respect to criminal forfeiture of the assets described in this Affidavit, your Affiant asserts that the Court should issue a Criminal Seizure Warrant as authorized under 21 U.S.C. § 853(f) with respect to the funds because: (a) there is probable cause to believe that the property to be seized would, in the event of a criminal conviction for the violation described in this Affidavit, be subject to forfeiture; and (6) a protective order under 21 U.S.C. § 853(e) may not be sufficient to assure the availability of the property for forfeiture. This Affidavit sets forth probable cause to believe that the assets described in this Affidavit are subject to forfeiture. Additionally, an order under 21 U.S.C. § 853(e) will be inadequate to assure their availability because I know, from my training and experience, that restraining orders served on banks and other account custodians sometimes fail to preserve the property for forfeiture because the bank representative receiving the restraining order fails to put the necessary safeguards in place to freeze the money in time to prevent the account holder from accessing the funds electronically, or fails to notify the proper personnel as to the existence of the order, or the bank exercises its own right of setoff to satisfy an outstanding debt owed to the bank by the account holder. Additionally, I know from my training and experience that, because of the liquid nature of electronic bank and financial accounts, funds or assets on deposit or stored in those accounts can easily be liquidated or transferred. Where such

electronic funds and assets are concerned, a seizure warrant guarantees that the funds and assets will be in the Government's custody once the warrant is served.

## CONCLUSION

45. Based on the foregoing, I submit that there exists probable cause to believe that **Gatcha Solidfi vAccount 9540002258156272** in the name of Gatcha Pictures Limited and **Bytechip Solidfi vAccount 9540002258311162** in the name of Bytechip, LLC contain the proceeds of wire fraud, in violation of 18 U.S.C. § 1343, and/or conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349, and/or concealment money laundering, in violation of 18 § 1 956(a)(1)(B)(i), and that all the property in these accounts was involved in money laundering transactions, and that the proceeds of these violations, as summarized herein, are subject to seizure and forfeiture as previously outlined.

Respectfully submitted,

KEVIN G. RITZ
United States Attorney

By: /s/ Reid Manning
REID MANNING
Assistant United States Attorney
800 Federal Bldg., 167 N. Main
Memphis, Tennessee 38103
(901) 544-4231

STATE OF TENNESSEE
COUNTY OF SHELBY

## **VERIFICATION**

Morgan Morgan deposes and says under penalty or perjury:

I am a Special Agent with the United States Secret Service and one of the agents assigned to this case.

I have read the foregoing Complaint and the factual information contained therein is true according to the best of my knowledge, information, and belief.

_____  
Special Agent Morgan Morgan

1/18/24
_____
Date