

AlaFile E-Notice

50-CV-2024-900163.00
Judge: CHRISTOPHER F ABEL

To: RILEY ROBERT RENFROE JR.
rob@rileyjacksonlaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MARSHALL COUNTY, ALABAMA

MICHAEL MASHKEVICH V. OLIVIA AVA ET AL
50-CV-2024-900163.00

The following matter was FILED on 2/4/2025 4:30:34 PM

**C001 MASHKEVICH MICHAEL**
MOTION TO CONTINUE
[Filer: JACKSON KEITH]

Notice Date:   2/4/2025 4:30:34 PM

ANGIE JOHNSON
CIRCUIT COURT CLERK
MARSHALL COUNTY, ALABAMA
424 BLOUNT AVE.
SUITE 201
GUNTERSVILLE, AL, 35976

256-571-7785
angie.johnson@alacourt.gov

| STATE OF ALABAMA | Revised 3/5/08 | | | ELECTRONICALLY FILED |
|---|---|---|---|---|
| Unified Judicial System | | | | 2/4/2025 4:30 PM |
| 50-MARSHALL | ☐ District Court | ☑ Circuit Court | CV2... | 50-CV-2024-900163.00 |
| | | | | CIRCUIT COURT OF |
| | | | | MARSHALL COUNTY, ALABAMA |
| | | | | ANGIE JOHNSON, CLERK |

| MICHAEL MASHKEVICH V. OLIVIA AVA ET AL | **CIVIL MOTION COVER SHEET** |
|---|---|
| | Name of Filing Party: C001 - MASHKEVICH MICHAEL |

*Name, Address, and Telephone No. of Attorney or Party. If Not Represented.*

BRIAN KEITH JACKSON
3530 Independence Drive
BIRMINGHAM, AL 35209
Attorney Bar No.: JAC067

☐ Oral Arguments Requested

## TYPE OF MOTION

**Motions Requiring Fee**

☐ Default Judgment ($50.00)
☐ Joinder in Other Party's Dispositive Motion (i.e. Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00)
☐ Judgment on the Pleadings ($50.00)
☐ Motion to Dismiss, or in the Alternative Summary Judgment ($50.00)
☐ Renewed Dispositive Motion (Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00)
☐ Summary Judgment pursuant to Rule 56 ($50.00)
☐ Motion to Intervene ($297.00)
☐ Other
pursuant to Rule _____ ($50.00)

*Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees.

☐ Local Court Costs $  0

**Motions Not Requiring Fee**

☐ Add Party
☐ Amend
☐ Change of Venue/Transfer
☐ Compel
☐ Consolidation
☑ Continue
☐ Deposition
☐ Designate a Mediator
☐ Judgment as a Matter of Law (during Trial)
☐ Disburse Funds
☐ Extension of Time
☐ In Limine
☐ Joinder
☐ More Definite Statement
☐ Motion to Dismiss pursuant to Rule 12(b)
☐ New Trial
☐ Objection of Exemptions Claimed
☐ Pendente Lite
☐ Plaintiff's Motion to Dismiss
☐ Preliminary Injunction
☐ Protective Order
☐ Quash
☐ Release from Stay of Execution
☐ Sanctions
☐ Sever
☐ Special Practice in Alabama
☐ Stay
☐ Strike
☐ Supplement to Pending Motion
☐ Vacate or Modify
☐ Withdraw
☐ Other _____
pursuant to Rule _____ (Subject to Filing Fee)

| Check here if you have filed or are filing contemporaneously with this motion an Affidavit of Substantial Hardship or if you are filing on behalf of an agency or department of the State, county, or municipal government. (Pursuant to §6-5-1 Code of Alabama (1975), governmental entities are exempt from prepayment of filing fees) ☐ | Date: 2/4/2025 4:29:13 PM | Signature of Attorney or Party /s/ BRIAN KEITH JACKSON |
|---|---|---|

*This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.
**Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee.

ELECTRONICALLY FILED
2/4/2025 4:30 PM
50-CV-2024-900163.00
CIRCUIT COURT OF
MARSHALL COUNTY, ALABAMA
ANGIE JOHNSON, CLERK

DOCUMENT 47

IN THE CIRCUIT COURT OF MARSHALL COUNTY, ALABAMA

| | |
|---|---|
| MICHAEL MASHKEVICH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 50-CV-2024-900163.00 |
| ) | |
| OLIVIA AVA ET AL ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S MOTION TO CONTINUE HEARING ON THIRD PARTY QBIT FINANCIAL SERVICES' MOTION TO DISSOLVE, OR IN THE ALTERNATIVE, MODIFY PRELIMINARY INJUNCTION ORDER**

COMES NOW Plaintiff Michael Mashkevich, on behalf of himself and all others similarly situated, and request that this Court continue the hearing set for February 7, 2025, on Third Party UAB Qbit Financial Services, ("Qbit") Motion to Dissolve, or in the Alternative, Modify Preliminary Injunction Order (Doc. 40) ("Motion to Dissolve") and states the following in support thereof:

Qbit filed its Motion to Dissolve on January 20, 2025, over seven months after this Court entered the Preliminary Injunction Order implicated by Qbit's Motion (Doc. 17). In support of its arguments, Qbit submitted one document, an unsworn Declaration of Yujun Wu. Mr. Wu represented that he is the CEO of Qbit. As discussed at length in Plaintiff's Omnibus Motion to Strike the Declaration of Yujun Wu and Response to Qbit's Motion to Dissolve ("Plaintiff's Omnibus Filing"), Mr. Wu's declaration lacks the specificity required of a declaration to be relied upon by this Court.

Mr. Wu's declaration, when considered in the context of voluminous evidence Mr. Mashkevich has submitted into the record, calls into question his truthfulness with the Court. For

instance, Mr. Wu represented to this Court that Qbit relies on a company called Interlace for apparent Know Your Customer compliance for companies Qbit allows to use Qbit's services.

Specifically, the declaration states:

> Qbit services cryptocurrency accounts on a platform called Interlace, which is only open to registered businesses and may be used for business purposes only. To register an Interlace account, customers must provide various certifications and business documents, including certificates of incorporation, business licenses, governing documents, registries of directors and shares, ownership charts, and, for certain directors and account owners, personal identification documents.

(Wu declaration, Doc. 41, ¶ 4).

Mr. Wu fails to tell the Court, however, that he is the owner and CEO of Interlace under the alias name of Michael Wu. (See Plaintiff's Omnibus Filing). Yujun Wu and Michael Wu are the same person. Yujun Wu is the owner and CEO of both Qbit and Interlace.

Mr. Wu is also the beneficial owner of a companion company, known as Bytechip, LLC dba Qbit. Qbit and Bytechip dba Qbit share the same address and other commonalities addressed in Mr. Maskhevich's Omnibus Filing. Bytechip dba Qbit was pursued by the federal government in a civil forfeiture *in rem* action for money laundering and pig butchering in *United States of America v. All Funds Deposited, Credited, or held up to up to $2,029,765.39 in Solidfi vAccount # XXXXXXXXXXXXXXXX in the name of Gatcha Pictures LLC, beneficial owner Xuan Du; and, All funds deposited, credited, or held up to $2,979,690.04 in Solidfi v Account # XXXXXXXXXXXXXXXX in the name of Bytechip LLC, beneficial owner Yujun Wu, defendants,*." The case against Bytechip, LLC dba Qbit resulted in that Qbit entity's forfeiture of over $1,000,0000. The similarities and shared resources of Bytechip, LLC dba Qbit and the Qbit entity before this Court are detailed in Plaintiff's Omnibus Filing.

Mr. Mashkevich has filed a 15-day Notice of Intent to serve subpoena on Qbit for both deposition testimony and documents.[1] The areas of testimony and the documents sought by the subpoena include, but are not limited to:

1. Information about the OKX cyberwallet over which Qbit claims legal ownership, including historical account information, the identity of customers claiming an ownership interest in the cryptocurrency within the wallet, the transaction history for the wallet from August 1, 2023, until the date of the Preliminary Injunction, etc;
2. Qbit's Anti-Money Laundering Act Compliance;
3. Qbit's Know Your Customer Compliance;
4. The Corporate History of Qbit; and
5. Various information regarding Interlace.

As discussed in Plaintiff's Omnibus Filing, if the court grants Qbit's Motion to Dissolve, the stolen funds will immediately off-ramped and converted into fiat currency. The chance of recovery for Mr. Mashkevich and others similarly situated will be lost.

Mr. Mashkevich's experts, deploying blockchain analysis, have traced the stolen cryptocurrency of Mr. Mashkevich and the cryptocurrency of other similarly situated victims to the OKX wallet over which Qbit claims ownership. Mr. Mashkevich needs discovery from Qbit to respond to the statements counsel for Qbit has asked this Court to rely upon in its Motion to Dissolve.

It even appears at the surface level that Qbit has not relayed complete information to its own counsel. For example, Qbit's current counsel, an otherwise respected and established law firm, resorted to an unfounded and inflammatory accusation that Mr. Mashkevich's counsel sent

---

[1] While a 15-day notice is not required for a subpoena seeking testimony, Mr. Mashkevich combined the subpoena for testimony from a designated representative and documents into one document and thus filed a 15-day Notice of Intent for the entire subpoena.

DOCUMENT 47

Qbit a "ransom demand" in this case. One would assume that esteemed counsel would not have leveled such an unprofessional and misguided accusation had they known Qbit's Hong Kong counsel specifically requested a demand from Mr. Mashkevich's counsel. This is particularly true given that Qbit's request for a demand followed a Zoom call during which Mr. Mashkevich's counsel made one of their experts available to show Qbit's counsel tracings from the expert's blockchain analysis, which concluded Qbit is laundering the stolen cryptocurrency of Mr. Mashkevich and other putative class members.

Qbit and Mr. Wu should be required to answer questions about the cryptocurrency in the OKX wallet at issue in this case before the Court hears a motion to dissolve, especially since known stolen cryptocurrency is in the wallet at issue and Qbit has aggressively concealed relevant information from this Court, as detailed in Mr. Mashkevich's Omnibus Filing.

Plaintiff requests that this Court continue the hearing on Qbit's Motion to Dissolve to allow Plaintiff time to conduct the discovery set forth in subpoena attached to Mr. Mashkevich's 15-day Notice of Intent filed with this Court.

Plaintiff further requests that the Court move forward on the hearing as originally set only to enter a Scheduling Order for class certification set the same day.

Respectfully submitted on this the 4th day of February, 2025.

/s/Robert R.Riley, Jr.
Robert R. Riley, Jr. (ASB-8310-Y75R)

/s/ Keith Jackson
Keith Jackson (ASB-7519-J66B)

/s/ James E. Murrill
James E. Murrill (ASB-4329-A57M)
Attorneys for Plaintiff

DOCUMENT 47

firm, resorted to an unfounded and inflammatory accusation that Mr. Mashkevich's counsel sent Qbit a "ransom demand" in this case. One would assume that esteemed counsel would not have leveled such an unprofessional and misguided accusation had they known Qbit's Hong Kong counsel specifically requested a demand from Mr. Mashkevich's counsel. This is particularly true given that Qbit's request for a demand followed a Zoom call during which Mr. Mashkevich's counsel made one of their experts available to show Qbit's counsel tracings from the expert's blockchain analysis, which concluded Qbit is laundering the stolen cryptocurrency of Mr. Mashkevich and other putative class members.

Qbit and Mr. Wu should be required to answer questions about the cryptocurrency in the OKX wallet at issue in this case before the Court hears a motion to dissolve, especially since known stolen cryptocurrency is in the wallet at issue and Qbit has aggressively concealed relevant information from this Court, as detailed in Mr. Mashkevich's Omnibus Filing.

Plaintiff requests that this Court continue the hearing on Qbit's Motion to Dissolve to allow Plaintiff time to conduct the discovery set forth in subpoena attached to Mr. Mashkevich's 15-day Notice of Intent filed with this Court.

Plaintiff further requests that the Court move forward on the hearing as originally set only to enter a Scheduling Order for class certification set the same day.

Respectfully submitted on this the 4th day of February, 2025.

**OF COUNSEL**
RILEY & JACKSON, P.C.
3530 Independence Drive
Birmingham, AL 35209
Telephone: 205-879-5000
rob@rileyjacksonlaw.com
kj@rileyjacksonlaw.com
jay@rileyjacksonlaw.com

/s/Robert R.Riley, Jr.
Robert R. Riley, Jr. (ASB-8310-Y75R)

/s/ Keith Jackson
Keith Jackson (ASB-7519-J66B)

/s/ James E. Murrill
James E. Murrill (ASB-4329-A57M)
Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

    I hereby certify that on February 4, 2025, a copy of the following was electronically filed with the Clerk of the Court using the AlaFile system.

*/s/ Keith Jackson*
OF COUNSEL

DOCUMENT 47