IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **United States of America,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 2:24-cv-02036-TLP-cgc |
| ) | |
| **All funds deposited, credited, or held up** ) | |
| **to $2,029,765.39 in Solidif vAccount** ) | |
| **#9540002258156272 in the name of Gatcha** ) | |
| **Pictures LLC, beneficial owner Xuan Du; and** ) | |
| ) | |
| **All funds deposited, credited, or held up** ) | |
| **to $2,979,690.04 in Solidif vAccount** ) | |
| **#9540002258311162 in the name of** ) | |
| **Bytechip LLC, beneficial owner Yujun Wu,** ) | |
| ) | |
| Defendants. ) | |

## BYTECHIP LLC'S ANSWER AND DEFENSES TO
## THE COMPLAINT FOR FORFEITURE *IN REM*

**COMES NOW** Bytechip, LLC, ("Bytechip") by and through its counsel, and answers the allegations in the Complaint for Forfeiture *In Rem* ("Complaint") and asserts defenses.

Headings contained in the Complaint are not substantive allegations to which an answer is required and to the extent headings are repeated in this Answer, it is solely for ease of reference. To the extent the headings are substantive allegations to which an answer is required, Bytechip denies any such allegations. Each allegation not specifically admitted below is denied. The paragraph numbers correspond to those in the Complaint.

1

## INTRODUCTION

1.      Paragraph 1 contains legal conclusions to which no answer is required.

2.      Bytechip admits that Solidfi vAccount #9540002258311162 is in the name of Bytechip LLC, beneficial owner Yujun Wu. Bytechip denies that 20 Barneson Ave., Unit D, San Mateo, California 94402 is its current address. Bytechip admits that Solidfi vAccount #9540002258156272 is in the name of Gatcha Pictures LLC, beneficial owner Xuan Du. Bytechip otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 and therefore denies them on that basis. Further, paragraph 2 contains legal conclusions to which no answer is required.

3.      Paragraph 3 contains legal conclusions to which no answer is required.

4.      Paragraph 4 contains legal conclusions to which no answer is required.

### WIRE FRAUD & CONSPIRACY TO COMMIT WIRE FRAUD

5.      Paragraph 5 contains legal conclusions to which no answer is required.

6.      Paragraph 6 contains legal conclusions to which no answer is required.

### MONEY LAUNDERING

7.      Paragraph 7 contains legal conclusions to which no answer is required.

### FACTUAL BACKGROUND

*Evolve Bank & Trust*

8.      Bytechip lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 and therefore denies them on that basis. Further, paragraph 8 contains legal conclusions to which no answer is required.

*Origin of the Investigation*

9.     Bytechip lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 and therefore denies them on that basis.

10.     Bytechip lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 and therefore denies them on that basis.

11.     Bytechip lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 and therefore denies them on that basis.

12.     Bytechip lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 and therefore denies them on that basis.

*Paralel Designs Limited*

13.     Bytechip lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 regarding Airwallex vAccount **2996 or any ID used to open said account and therefore denies them on that basis. Bytechip denies that Paralel Designs Limited provided any China resident ID card when setting up Solidfi vAccount **7760. Bytechip admits the remaining allegations in paragraph 13.

14.     Bytechip lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 and therefore denies them on that basis.

15.     Bytechip lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 and therefore denies them on that basis.

16.     Bytechip lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 and therefore denies them on that basis.

17.     Bytechip lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 and therefore denies them on that basis.

18. Bytechip lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 and therefore denies them on that basis.

19. Bytechip lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 and therefore denies them on that basis.

20. Bytechip lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 and therefore denies them on that basis.

21. Bytechip lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 and therefore denies them on that basis.

*Gatcha Pictures Limited*

22. Bytechip lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 regarding Airwallex vAccount **6367 or any ID used to open said account and therefore denies them on that basis. Bytechip admits the remaining allegations in paragraph 22.

23. Bytechip admits that for Solidfi vAccount **6272, Gatcha Pictures reported its business address as 350 Northern Boulevard, Ste 324-1331, Albany, NY. Bytechip lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 23 and therefore denies them on that basis.

24. Bytechip lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 and therefore denies them on that basis.

25. Bytechip lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 and therefore denies them on that basis.

26. Bytechip admits that a wire of $113,284 that Gatcha Solidfi vAccount **6272 received from Jiuhong Trade Limited on or about January 17, 2023 was reversed. Bytechip lacks

knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 26 and therefore denies them on that basis.

27. Bytechip lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 and therefore denies them on that basis.

28. Bytechip lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 and therefore denies them on that basis.

29. Bytechip lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 and therefore denies them on that basis.

30. Bytechip lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 and therefore denies them on that basis.

31. Denied.

32. Bytechip admits that Gatcha Pictures Solidfi vAccount **6272 wired a total of $1,357,271.65 between December 22, 2022 and January 17, 2023 to Bytechip Solidfi vAccount **1162. Bytechip denies that Bytechip Solidfi vAccount **1162 received approximately $64,200 in fraudulent proceeds during the same timeframe. Bytechip lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 32 and therefore denies them on that basis.

33. Bytechip lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 and therefore denies them on that basis.

34. Bytechip lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 and therefore denies them on that basis.

*Bytechip LLC*

35. Bytechip denies that Bytechip Solidfi vAccount **1162 currently has $2,979,690.04 frozen by EB&T without objection from the BO. Bytechip avers that it specifically and expressly objected to the freeze of Solidfi vAccount **1162. Bytechip admits the remaining allegations in paragraph 35.

36. Bytechip admits that Gatcha Pictures Solidfi vAccount **6272 wired a total of $1,357,271.65 between December 22, 2022 and January 17, 2023 to Bytechip Solidfi vAccount **1162.[1] Bytechip admits that Bytechip Solidfi vAccount **1162 received funds from Rinotech Solidfi vAccount **6238. Bytechip lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 36 and therefore denies them on that basis.

37. Bytechip lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 and therefore denies them on that basis.

38. Denied.

## LEGAL AUTHORITY

39. Paragraph 39 and the subparagraphs thereunder contain legal conclusions to which no answer is required.

40. Paragraph 40 contains legal conclusions to which no answer is required.

41. Paragraph 41 contains legal conclusions to which no answer is required.

42. Paragraph 42 contains legal conclusions to which no answer is required.

43. Paragraph 43 contains legal conclusions to which no answer is required.

44. Bytechip lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 to the extent they are based on the Affiant's purported "training

---

[1] Paragraph 36 of the Complaint incorrectly refers to paragraph 32 as paragraph 29.

and experience," and therefore denies them on that basis. The remaining allegations in paragraph 44 contain legal conclusions to which no answer is required.

## CONCLUSION

45. Paragraph 45 contains legal conclusions to which no answer is required.

46. Bytechip denies that Plaintiff is entitled to any relief whatsoever, including that which is included in the Conclusion or prayer for relief, under the theories alleged or under any theory whatsoever.

47. For answer to any averments in the Complaint that have not been admitted, explained, or denied, Bytechip here and now denies them as if fully set forth herein.

## AFFIRMATIVE DEFENSES

Bytechip sets forth the following defenses. Each defense is asserted as to all claims against Bytechip. By setting forth these defenses, Bytechip does not assume the burden of proof as to any defense or issue that would otherwise rest on Plaintiff, or as to any element of Plaintiff's claims against Bytechip.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action upon which relief can be granted as against Bytechip.

### SECOND AFFIRMATIVE DEFENSE

Bytechip is an innocent owner of the funds in which it has asserted an interest as provided for in 18 U.S.C. § 983(d). Bytechip, as a money service business, avers that its business model is based on providing commercial customers with the ability to quickly and securely conduct international transfers of money. This model not only ensures that Bytechip's customers are able to seamlessly conduct their own business across international boundaries, but provides them with

7

a money transfer service that complies with all applicable banking secrecy and anti-money laundering laws. To the best of Bytechip's knowledge, it did not permit its service to be used to facilitate any type of criminal activity, nor did it knowingly permit any customer to use its service to move funds that were the result of criminal activity through its accounts. Indeed, Bytechip refused to carry out numerous customer orders on the grounds that said transactions potentially ran afoul of United States law. To the extent any transactions occurred with criminally derived funds, Bytechip was wholly without knowledge of as much despite maintaining an anti-money laundering policy that was in accordance with all applicable state and federal laws. Bytechip also vigorously disputes any allegation that it was connected to the IP address used by Gatcha Pictures, and affirmatively avers that the Complaint for Forfeiture does not specifically allege as much.

## THIRD AFFIRMATIVE DEFENSE

Bytechip had no knowledge of any illegal activity associated with its services, the **1162 account, or any other of its accounts, and did not knowingly engage in any unlawful transactions or activity or facilitate the use of its accounts or services for any unlawful purpose.

## FOURTH AFFIRMATIVE DEFENSE

Bytechip had no intent that its property or services, including any funds contained in the **1162 account or any of its accounts and any funds it has claimed, would be used for any unlawful transactions or activity or were derived therefrom. On the contrary, Bytechip implemented robust policies and procedures to reduce the risk of its services being used for unlawful purposes.

**FIFTH AFFIRMATIVE DEFENSE**

Bytechip avers the Plaintiff lacks probable cause of a substantial connection between the seized property and any of the criminal offenses referenced in the Complaint, or any criminal offenses, which would permit seizure and forfeiture of the contested property.

**SIXTH AFFIRMATIVE DEFENSE**

Bytechip's right to due process of law guaranteed under the Fourteenth Amendment, has been violated by the seizure of its property and implantation of this forfeiture action.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or part by the excessive fines clause of the Eighth Amendment.

**EIGHTH AFFIRMATIVE DEFENSE**

Bytechip avers that forfeiture of its property as sought by the Plaintiff herein is grossly disproportional and therefore constitutionally excessive under 18 U.S.C. § 983(g).

**NINTH AFFIRMATIVE DEFENSE**

Bytechip relies on all affirmative defenses available to it under 18 U.S.C. § 984(a), (b), and (c).

**TENTH AFFIRMATIVE DEFENSE**

Bytechip avers that at all times it was acting in good faith and out of an honest belief that its conduct was lawful.

## ELEVENTH AFFIRMATIVE DEFENSE

Bytechip avers that it did not authorize or ratify any purportedly unlawful acts taken by any other party.

## TWELFTH AFFIRMATIVE DEFENSE

Bytechip denies that it was engaged in, facilitated, aided and abetted, conspired, or in any way violated 18 U.S.C. § 1343, 18 U.S.C. § 1349, or 18 U.S.C. § 1956(a)(1)(B)(i), and therefore, denies that Plaintiff is entitled to seize and forfeit any of its property as alleged proceeds of any such violations.

And now having fully answered the Complaint, Claimant Bytechip, LLC submits that this matter should be dismissed, with costs to Plaintiff, that all seized property be immediately returned, and for all such other relief available pursuant to 28 U.S.C. § 2465(b).

Respectfully submitted,

LEWIS THOMASON

/s/ *Christopher B. Sullivan*
Christopher B. Sullivan (TN 20301)
T. Andrew Todd (TN 39590)
40 S. Main Street, Suite 2900
Memphis, Tennessee 38103
(901) 525-8721

csullivan@lewisthomason.com
atodd@lewisthomason.com

## Certificate of Service

    The undersigned certifies that a copy of the foregoing has been served upon all counsel of record via this Court's ECF system and sent by U.S. Mail, postage prepaid, to Reid Manning, Assistant United States Attorney, 167 N. Main St. 8th Floor, Memphis, TN 38103, this 1st day of May, 2024.

                                                */s/ Christopher B. Sullivan*
                                                Christopher B. Sullivan