# Exhibit D - Declaration of Robert Riley

Vijay J. Rajagopal, State Bar No. 290886
  vijay@kurichetylaw.com
**KURICHETY LAW PC**
179 McKnight Drive, Suite 6
Laguna Beach, California 92651
Tel:    217-390-2505

Michael Kozlowski (*pro hac vice forthcoming*)
  Illinois State Bar No. 6320950
  michael.kozlowski@esbrook.com
**ESBROOK PC**
321 N. Clark Street Suite 1930
Chicago, Illinois 60654
Tel:    312-319-7682

Attorneys for Plaintiff
MICHAEL MASHKEVICH

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| MICHAEL MASHKEVICH, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UAB QBIT FINANCIAL SERVICE; BYTECHIP LLC; AND YUJUN WU;<br><br>Defendants. | Case No. 5:25-cv-02565-SVK<br><br>**DECLARATION OF ROBERT RILEY IN SUPPORT OF PLAINTIFF'S EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER** |

## DECLARATION OF ROBERT RILEY

I, Robert J. Riley, Jr., declare under penalty of perjury as follows:

1. I make the statements herein of my own personal knowledge and if called to testify as a witness in this matter, I would testify as set forth herein.

2. I am an attorney licensed to practice law in the state of Alabama.

3. I am counsel of record for Plaintiff Michael Mashkevich in the action now pending in the Circuit Court of Marshall County, Alabama captioned *Michael Mashkevich v. Olivia Ava et al.*, Civil Action No. 2024-900163 (the "Alabama Action").

4. I have reviewed the Complaint filed in this action and all exhibits attached thereto.

5. Dkt. 1-1 is a true and correct copy of the temporary restraining order and to show cause entered in the Alabama Action.

6. Dkt. 1-2 is a true and correct copy of the preliminary injunction order entered in the Alabama Action.

7. Dkt. 1-4 is a true and correct copy of the letter I received from Jun He Law Offices dated November 7, 2024.

8. Dkt. 1-9 is a true and correct copy of the Complaint filed in the Alabama Action.

9. Dkt. 1-10 is a true and correct copy of the Nonparty Motion to Dissolve filed by Qbit in the Alabama Action.

10. Dkt. 1-11 is a true and correct copy of Plaintiff's Omnibus Motion filed in the Alabama Action.

11. Dkt. 1-12 is a true and correct copy of Plaintiff's Motion to Continue filed in the Alabama Action.

12. On June 8, 2024, the crypto exchanges froze the Destination Wallets; that same day Plaintiff completed service on the Destination Wallets through the special approved in the June 4, 2024 order.[1]

---

[1] Unless otherwise defined herein, capitalized term used herein have the meanings assigned to them in the Complaint filed in this action. (Dkt. 1.)

13. On June 14, 2024, the Alabama Court held its hearing and issued a Preliminary Injunction Order; no defendant appeared at the hearing to context the injunction.

14. On February 14, 2025, the Court held its continued hearing regarding Qbit's Motion to Dissolve.

15. Any day, the Alabama court could dissolve the injunction, allowing Defendants to transfer the assets within the THGTen Destination Wallet, rendering recovery essentially impossible.

16. I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 18, 2025

      /s/ Robert J. Riley Jr.
Robert J. Riley Jr.