# Exhibit D - Order Granting Ex Parte Application for Temporary Restraining Order

William A. Delgado (SBN 222666)
  wdelgado@dtolaw.com
Marisol Ramirez (SBN 307069)
  mramirez@dtolaw.com
DTO LAW
601 South Figueroa Street, Ste. 2130
Los Angeles, CA 90017
Telephone:  (213) 335-6999
Facsimile:   (213) 335-7802

SHAUN P. MARTIN (SBN 158480)
  smartin@sandiego.edu
5998 Alcala Park, Warren Hall
San Diego, CA 92110
Telephone: (619) 260-2347
Facsimile: (619) 260-7933

Attorneys for Plaintiff
YOUNES YOUNES

FILED
Superior Court of California
County of Los Angeles
06/27/2024
David W. Slayton, Executive Officer / Clerk of Court
By: _____ M. Fregoso _____ Deputy

Electronically Received 06/27/2024 03:41 PM

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES**

| | |
|---|---|
| YOUNES YOUNES, on behalf of himself and all others similarly situated,<br><br>                    Plaintiff,<br><br>        v.<br><br>ELVIRA TAYLOR and DOES 1 through 200, inclusive,<br><br>                    Defendants. | Case No.:  24STCV12520<br><br>Hon. Elihu Berle<br><br>**[PROPOSED] ORDER GRANTING *EX PARTE* APPLICATION FOR RECONSIDERATION AND GRANTING ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER**<br><br>Judge:      The Hon. Elihu Berle<br>Place:       312 N. Spring Street,<br>                 Los Angeles, CA 90012<br>                 Dept. 6 |

1

[PROPOSED] ORDER GRANTING RECONSIDERATION AND ORDER TO SHOW
CAUSE FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER

267351.2

1    This matter came for hearing on an *ex parte* application in Department 6 at 8:30 a.m. on
2    June 26, 2024.
3    This Court finds as follows:
4    1.    Plaintiff has filed a Verified Complaint on behalf of himself and all others
5    similarly situated alleging that Defendants stole cryptocurrency through a "pig butchering"
6    scheme in which the victims were persuaded to deposit these cryptocurrency assets in a fake
7    "work platform" hosted by Defendants.
8    2.    Plaintiff and his counsel retained Inca Digital ("Inca"), an experienced digital
9    investigation team, to track and trace the cryptocurrency funds stolen from Plaintiff and those
10   similarly situated. As explained more fully in Plaintiff's *ex parte* application, Inca traced these
11   funds to the fifteen (15) identified cryptocurrency wallets contained in Appendix A to this Order.
12   3.    Plaintiff's Verified Complaint adequately alleges that Defendants have utilized
13   false identities in order to steal the cryptocurrency assets at issue herein, and that their true
14   identities and locations are presently unknown and unknowable to Plaintiff and his counsel.
15   Plaintiff is informed and believes that many of these individuals are located outside the United
16   States, as is common in cryptocurrency theft cases.
17   4.    Entry of a temporary restraining order without prior notice to Defendants is
18   appropriate given the nature of the cryptocurrency theft at issue, the alleged use of fictitious
19   identities by the Defendants, and the fact that the cryptocurrency assets at issue may be instantly
20   transferred to locations beyond the reach of this Court were Defendants notified in advance of
21   the potential seizure of this cryptocurrency. *See Jacobo v. Doe*, 2002 U.S. Dist. LEXIS 101504,
22   *9 (E.D. Cal. June 7, 2022) (finding that "[i]f defendant were provided notice of this action, 'it
23   would be a simple matter for [him] to transfer [the cryptocurrency] to unidentified recipients
24   outside the traditional banking system, including contacts in foreign countries, and effectively
25   put it beyond the reach of this Court").
26   5.    Plaintiff proposes a method of service of this order to show cause ("OSC"), the
27   summons and complaint, and all other papers and Orders of this Court in this matter that is best
28

2

[PROPOSED] ORDER GRANTING RECONSIDERATION AND ORDER TO SHOW
CAUSE FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER
267351.2

1  available manner under the circumstances of this case and reasonably calculated to lead to actual
2  notice to the Defendants. Traditional methods of service are unavailable given Defendants' use
3  of fictitious identities and unknown locations. The seizure of Defendants' cryptocurrency wallets
4  and the delivery of special purpose token or similar device into those wallets pursuant to this
5  Order will effectively notify Defendants of the pendency of this action and the manner in which
6  they may object to the temporary restraining order ("TRO") and/or requested preliminary
7  injunction if they wish. Plaintiff's counsel has advised this Court that similar TROs and notice
8  procedures have been issued in similar cryptocurrency theft cases in which they have been
9  involved in courts in New York, Florida, Alabama, and Michigan and that, in these matters,
10 defendants have on occasion responded to these seizures by contacting plaintiffs' counsel and/or
11 the Court, thereby demonstrating that notice was in fact effectively received by Defendants, but
12 that none of these Defendants elected to appear at the scheduled preliminary injunction hearing
13 due to the illegality of their alleged cryptocurrency theft and corresponding need to state their
14 true identities were they to appear in court. *See also Blum v. Defendant*, 2023 U.S. Dist. LEXIS
15 235592, at *4-5 (N.D. Fla. Dec. 13, 2023 (granting similar *ex parte* TRO and holding that
16 plaintiff's "cryptocurrency assets are specific, identifiable property that can be traced to
17 Defendants' Destination Addresses"). Sufficient service will also be effected because the Order
18 directs that the exchanges in which these cryptocurrency wallets are held (Binance Holdings and
19 OK Group) provide separate notice of this Order to the customers of each of the cryptocurrency
20 wallets identified in Appendix A.

21          6.      Based upon the contents of the Verified Complaint in this matter and the sworn
22 declarations submitted in connection with Plaintiff's *ex parte* applications, the public interest
23 would be served by the requested issuance of a TRO and OSC, and Plaintiff would suffer
24 irreparable harm absent their issuance. *See Jacobo*, *supra* at *15-16 ("[C]ourts have found that
25 the risk of irreparable harm to be likely in matters concerning fraudulent transfers of
26 cryptocurrency due to the risk of anonymous and speedy asset dissipation.").

27
28

1    Based upon the Verified Complaint in this action, the *ex parte* applications of Plaintiff
2    and supporting declarations, and upon sufficient cause being shown, this Court grants Plaintiff
3    Younes Younes' *Ex Parte* Application of for Reconsideration of Minute Order of June 14, 2024
4    and Orders as follows:

## ORDER TO SHOW CAUSE

7    **IT IS HEREBY ORDERED** that Defendant ELVIRA TAYLOR, Binance Holdings
8    Ltd., and OK Group, and/or any of their agents, servants, employees, attorneys, affiliates,
9    partners, successors, assigns, subsidiaries, or any other persons through which they act, or who
10   act in active concert or participation with any of them (collectively, the "Enjoined Parties"),
11   appear before this Court on July 18, 2024 at 10:00 a.m. in Department 6, 312 N Spring St, Los
12   Angeles, CA 90012, to show cause why a preliminary injunction should not be ordered
13   restraining the Enjoined Parties as set forth in the Temporary Restraining Order.

15   **IT IS FURTHER ORDERED** that:

16   Plaintiff shall serve a copy of this Order to Show Cause for Preliminary Injunction and
17   Temporary Restraining Order, and all supporting documents filed in connection therewith, as
18   well as the Verified Complaint, summons, and all other Orders of the Court in this matter, within
19   five days of the issuance of the Temporary Restraining Order on the Enjoined Parties, including
20   the owners of each of the wallets identified in Appendix A of this Order through a special
21   purpose token or similar device delivered into each the wallets identified in Appendix A of this
22   Order. Each of these service tokens shall contain a hyperlink to a website maintained by
23   Plaintiff's counsel that will include this Order and all papers upon which it is based, the Verified
24   Complaint and summons, and a hyperlink that includes a mechanism to track when a person
25   clicks on the hyperlink. This process shall constitute actual notice of this Order and sufficient
26   service of process on Defendants and the person or persons controlling the corresponding wallet
27   addresses identified in Appendix A of this Order.

1  Plaintiff shall file proof of such service with the Court no later than July 11, 2024. Any
2  papers opposing the OSC or preliminary injunction shall be filed with the Court and served upon
3  Plaintiff by the Enjoined Parties no later than July 11, 2024. Reply papers by Plaintiff, if any,
4  shall be filed with the Court and served on the Enjoined Parties no later than July 15, 2024.
5  The Enjoined Parties are hereby on notice that failure to timely serve and file an opposition,
6  or failure to appear at the hearing, may result in the imposition of a preliminary injunction against
7  them pursuant to Section 527 of the California Code of Civil Procedure.

## TEMPORARY RESTRAINING ORDER

**IT IS HEREBY ORDERED** that, pending the hearing on Plaintiff's application for a preliminary injunction:

Defendant ELVIRA TAYLOR, and non-parties Binance Holdings Ltd., and OK Group, and/or any of their agents, servants, employees, attorneys, affiliates, partners, successors, assigns, subsidiaries, or any other persons through which they act, or who act in active concert or participation with any of them, and any individual or entity who receives actual notice of this Order through personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division or other device, or any of them [(collectively, the "Enjoined Parties")], are hereby temporarily restrained from withdrawing, transferring, selling, encumbering, or otherwise altering any of the cryptocurrency or assets held in the wallets identified in Appendix A of this Order, whether such property is located inside or outside of the United States of America:

Plaintiff's attorneys shall cause a copy of this Temporary Restraining Order, together with a copy of the papers upon which it is based, as well as the Verified Complaint and the summons in this action, to be served upon the person or persons controlling the wallets identified in Appendix A of this Order via a special purpose token or similar device delivered into each of the wallets identified in Appendix A of this Order, and each of these service tokens will contain a hyperlink to a website maintained by Plaintiff's counsel that will include both this Order and all

1  papers upon which it is based. The hyperlink will include a mechanism to track when a person
2  clicks on the hyperlink. This process shall constitute actual notice of this Order and sufficient
3  service of process on Defendants and the person or persons controlling the corresponding wallet
4  addresses identified in Appendix A of this Order.
5        Binance Holdings Ltd and OK Group, and/or any of their agents, servants, employees,
6  attorneys, partners, affiliates, successors, assigns, subsidiaries, or any other persons through
7  which they act, or who act in active concert or participation with any of them, who receive actual
8  notice of this Order by personal service or otherwise, are hereby directed, within twenty-four
9  (24) hours of receiving actual notice of this Order to provide notice of the same to any of their
10 customers associated with any of the wallet addresses identified in Appendix A of this Order,
11 including Defendant ELVIRA TAYLOR, and provide counsel for Plaintiff a copy of such notice.
12
13       **IT IS FURTHER ORDERED** that:
14       This Temporary Restraining Order shall expire on July 18, 2024 at 11:00 p.m. Pacific
15 Daylight Time unless extended by the Court.
16       The Enjoined Parties are further notified of their right to apply to this Court for
17 modification or dissolution of this Temporary Restraining Order, if appropriate and supported by
18 a showing of good cause, on notice or such shorter notice as this Court may allow.
19       Pursuant to California Code of Civil Procedure § 527, this Court in its discretion
20 determines that no bond is required.
21
22 **IT IS SO ORDERED.**
23
24 DATED: _____     By: _____
25                                   Judge of the Superior Court



26
27
28
                                                6
[~~PROPOSED~~] ORDER GRANTING RECONSIDERATION AND ORDER TO SHOW
CAUSE FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER
267351.2

# APPENDIX A

**OKX**

- TXPiHTvpCzFTEvh5SkbwUuSuty2AfigdcY
- TKcqHtVbF11ZhsqxYaBpYQ9tdEQ9RTXWhF

**Binance**

- TN6yVddHhmfTHJgdzSnPJJ5M4pxQKqKuVe
- TVBfaX2DF6kBxevEJMegDjXwpY9zQpES57
- TTTkoMc9VuVKTGFQJPxF5pS2f1XV5u5QHJ
- TAwsDzJgxYhsTkrLkkPiFZsZnkcjmhupfW
- TGyLX41KcZDZpSVH9KjwCbuqNnxDAoTnAB
- TLwgBmjYbkLA5NVFEqrVYVNbnTYmxPKoW2
- TYWjiCsJJJ4wAem1unRFybcvQq9ekL8Btv
- TQZoEGjrCSG6BxNDUreTm7Uec6BBx8vSvn
- TBVT9cx9gdaS1AcUfMASJ56Z9SdUy4E3P7
- TYuEjjSM89QJKKKUX3UyY6TxT6QvhzAc37
- TQnKVsgfboAuwepfSwgNxX2pnMgQLVkU4h
- TU9kSr7ZwLvBknXmfu6WM5c3hcbG4sRV8m
- TXYG7jR37cLtNVgSzqjPZwJk9zb7XMqk6e